WILLIAM A. STEWART *vs.* GEORGE R. CLARK and
WILLIAM S. CROSS, Trustees.

*Leasehold property—Sale—Mortgage—Taxes and Ground-rent.*

Where leasehold property, subject to a mortgage, is sold by the trus-
tees in insolvency of the owner of such property, the taxes and
ground-rent due thereon, are payable out of the proceeds of sale,
though such proceeds are insufficient to satisfy the mortgage.

APPEAL from the Court of Common Pleas.

The appellant was the owner of the fee in a certain lot
of ground on Eastern Avenue, in the City of Baltimore,
subject to a lease of ninety-nine years, renewable forever,
on payment of $350 per annum, in half-yearly instalments
of $175, each on the first day of January and July. The
leasehold interest, subject to a mortgage of $1100 held by
the appellant, became by sundry mesne conveyances,
vested in Edward Rohlfing. The mortgage to the appel-
lant contained the usual covenants to pay taxes, ground
rent, &c. Rohlfing, the owner of the leasehold interest,
applied for the benefit of the insolvent law on the 8th of
May, 1880, and the appellees were appointed his perma-
nent trustees. The trustees sold the property on the 24th
of June, 1880, as also certain chattels, machinery, &c.,
which had been on the demised premises since 1877. The
taxes for 1877, 1878 and 1879 were in arrear and unpaid,
said taxes being based on a valuation or assessment of
$3188 on the leasehold property, and $1500 on the per-
sonal property on the premises. The proceeds of the sale
of the personal property on the premises, sold by the
trustees, amounted to $2605.71. The trustees paid $689.48
for back taxes and ground rent, and in the auditor's ac-
count which was filed, this amount was charged against

Stewart *vs.* Clark and Cross, Trustees.

the proceeds of sale of the leasehold property, thereby reducing the amount to be received by the mortgagee. To the ratification of the auditor's account, the mortgagee filed exceptions, the second of which was that the taxes for 1879 and 1880, on $1500, the personal property, amounting to about $55, had been charged and allowed as a lien against the leasehold estate. He also excepted to the payment of the ground rent and taxes out of the proceeds of the sale of the leasehold property, claiming that the same should be deducted from the proceeds of the sale of the chattel property. The Court (BROWN, J.,) passed an order sustaining the second exception, but overruling the other exceptions. From this order the present appeal was taken.

The cause was argued before MILLER, STONE, ALVEY, IRVING, and RITCHIE, J.

*J. Wilson Leakin*, for the appellant.

*Fielder C. Slingluff*, for the appellees.

STONE, J., delivered the opinion of the Court.

If the appellant had foreclosed his mortgage on the leasehold property himself, and sold it, it is clear that the taxes and ground rents due thereon at the time of such sale, must have been paid out of the proceeds of the sale before the purchaser took a good title thereto. When the same leasehold property is sold by the insolvent trustees, we fail to see upon what principle of equity, the leasehold property should be relieved from the ground rents and taxes due upon it, and the burden cast upon the other personal property of the insolvent.

The appellant had no lien on the personal property for his rents as he had not distrained. Nor is there any

proof before us that any valid seizure by way of distraint, by the Collector of the city had ever been made.